Daniels *vs.* The Intendant and Wardens of Athens.

---

WILLIAM W. DANIELS, plaintiff in error, *vs.* THE INTENDANT AND WARDENS OF THE TOWN OF ATHENS, defendants in error.

1. A contiguous embankment necessary to make access to a bridge so as to pass teams and wagons over it, is a part of the bridge, and title to the bridge covers such an embankment.

2. A bridge, though within the corporate limits of a municipality, may belong to the county and not to the municipality; and if it be recognized both by the county and municipality as the property of the former, the former and not the latter is bound to keep it in repair; and the duty to repair extends to all the bridge, including whatever contiguous thereto is necessary to get access to it to cross the stream thereon.

3. If such bridge was built and rebuilt by virtue of the authority of the county, which disposed of the old timbers at each rebuilding according to its own will, and authorized the municipal authorities to do all they did in regard to rebuilding it, assuming and exercising the right to declare it a toll bridge in the contingency that the municipality failed to pay the bonds issued by it for rebuilding the bridge, the title and duty to repair is in the county, no matter in what proportion the county and town contributed to rebuild it.

4. The fact that the town authorities from time to time voluntarily repaired the bridge and worked and kept in order the embankment leading to it, does not change the title to the property or the legal duty devolving upon its owner, nor does such voluntary repair and user make such a case of dedication by the county to the town as to change the title and legal duty to repair.

5. If the embankment was not a necessary part of the bridge, but was a part of the streets of the municipality, the town, and not the county, would be bound to keep it in repair; and whether it be the one or the other is a question for the jury under the charge of the court, and such question being fairly submitted by the court and decided by the jury, this court will not interfere.

6. It follows, that whether a party crossing the bridge in a wagon, and precipitated from the embankment by the backing of his horse from the en-

trance of the bridge fifteen feet on the embankment, and thence over the embankment fifteen to twenty feet high, and thereby severely injured, can recover from the town authorities, turns on the title to, and consequent duty to repair, the bridge and its appurtenances, and whether the embankment be an appurtenance thereto; and these questions having been fairly submitted to the jury, and a new trial having been refused thereon, the evidence, to say the most for the plaintiff in error, being conflicting, this court will not control the discretion of the court below in refusing to grant 'a new trial.

7. The law in regard to negligence and its effect, both as respects the plaintiff and the defendant, having been substantially given by the court, and no request having been made in writing or otherwise, to amend the charge by calling the attention of the court to the doctrine of contributory negligence, this court will not direct a new trial, although the court below omitted to charge upon that subject, especially as the verdict of the jury probably turned upon the other points made by the pleadings.

8. This case having been before this court before on the same pleadings, and upon the same evidence substantially, and the principles of law applicable to it having been then decided, and as then decided fairly submtted in the charge to the jury, it is *res adjudicata* in essence if not in form, and on that account it would require a very strong case to induce this court to re-open the controversy.

Roads and bridges. Municipal corporations. County matters. Dedication. New trial. Charge of Court. Judgments. Before Judge RICE. Clark Superior Court. August Term, 1875.

Reported in the opinion.

S. P. THURMOND; EMORY SPEER; JOHN C. REED, for plaintiff in error.

C. D. HILL; COBB, ERWIN & COBB, for defendant.

JACKSON, Judge.

The plaintiff, in crossing the lower bridge over the Oconee at Athens, in a covered wagon, was seriously injured by the backing of his horse from the bridge off a contiguous embankment, precipitating the wagon and horse some fifteen to twenty feet below. There was no railing on the embankment to prevent such a casualty. The bridge and embank-

ment were within the corporate limits of Athens with streets on both sides of the bridge. He brought suit against the town of Athens to recover damages for loss of property and personal injuries received in the fall. The town pleaded that the bridge and embankment' were the property of the county, and the county was bound to repair and was liable for the injuries, and also that plaintiff's negligence in driving a bad horse, prone to backing when in harness, caused the casualty. The jury found for the defendant, and a motion was made for a new trial on errors in the charge, and because the verdict was contrary to the law and the evidence.

1. The court charged, in substance, that if the embankment was contiguous to the bridge, and necessary to enable teams and wagons to cross the stream over it, it was part of the bridge, in law, and this is complained of. We think this principle is good law. The bridge would be useless without access to it, and the good sense of the rule is supported by authority. Indeed, in England the distance wherein such access would be considered part of the bridge has been held to extend three hundred feet. In this country this rule is perhaps modified, but it is always and everywhere held, so far as we have examined, that what is reasonably necessary by way of elevating the ground to roll the wagons up to the bridge, is part of the structure, and, as the court below charged, carries the title to the main bridge over the abutment or embankment. See Shearman and Redfield on Neg., sections 252, 253, and cases there cited.

2, 3. The court further charged to the effect that if this bridge belonged to the county, though in the corporate limits of Athens, the county and not the town was liable for the injury, being bound to repair it. The evidence preponderates that the bridge belonged to the county. Indeed, it seems that everything the town ever did in regard to this bridge was in subordination to the county. True, they both contributed to build and rebuild it from time to time, and the last time it was rebuilt, in 1869, the county seems to have expended only $500 00 towards the work, and the town issued bonds to pay

for the structure. But the county used the old timbers, and prescribed the terms on which the town should rebuild it. But the court certainly charged correctly, and if the testimony had been conflicting, we would not have interfered with the finding of the jury thereon. If the bridge belonged to the county, the town was not liable, if this embankment was part of the bridge in a legal view; and such was the essence of this charge: Shearman & Redfield, section 150; Dillon on Mun. Cor., sections 789, 579, note.

4. We think the fact that the town used the bridge and voluntarily worked upon and repaired it and the embankment, did not divest the county of the title and the right to control the bridge, and the consequent duty to repair it and the embankment contiguous and necessary to its use; nor do these facts by any construction that we are aware of, amount to a dedication from the county to the town by user; if, indeed, there can be such dedication from county to town, and we see no error in the charge and finding on this point: 2 Dillon, 500, 501, 498.

5, 6. Now, if the embankment where the accident occurred had been part of the streets of Athens and not of the bridge, then Athens would have been legally bound to repair, and liable to the plaintiff; and the court so charged the jury. But they found the embankment, *where the accident happened, within fifteen feet of the bridge,* to be a part of the bridge and not of the street, and we cannot say that the evidence does not support the charge.

7. On the question of negligence the court charged correctly, as far as it went, to the effect that if the plaintiff's negligence in driving, or the condition of his horse, caused the accident, he could not recover: Shearman & Redfield, sections 417, 416, and notes 33, 34. If plaintiff desired the law in respect to contributory negligence to have been given in charge, he should have asked for it in writing. At all events, he should have called the attention of the court thereto. But we think the case turned on the other points.

8. This case, precisely as made here on the pleadings, and

substantially on the evidence, has been here before: *Daniels vs. Mayor, etc., of Athens*, 54 *Georgia Reports*, 69. The law in regard to the main questions involved was then ruled by this court, and the ruling here was substantially carried out in its charge by the court below. It would require a very strong case to induce us to reopen the controversy.

Let the judgment be affirmed.