### MORGAN COUNTY v. GLASS.

LUMPKIN, J.  1. Where the court charges the substantial law of a case, the refusal of a request to give a charge which is itself inaccurate, and more favorable to the party making it than would be the correct rule of law, furnishes no ground for a new trial at the instance of such party.

2. In a suit to recover damages resulting from alleged negligence on the part of a county in not providing railings for an approach to a bridge, by reason of which a horse, which had become frightened at a hole in the bridge, backed off of the approach and caused injury to one in the buggy to which the horse was attached, there was no error in refusing a request to charge to the effect, that, whether or not ordinary care on the part of the county required the placing of railings along the approach, yet if the plaintiff or her driver knew that there were no railings there, or by the exercise of ordinary care could have so known, then, in going upon said approach, they assumed all risk, and no recovery could be had on account of the absence of such railings. *City of Atlanta* v. *Wilson*, 59 *Ga.* 544 (27 Am. R. 396); *Wilson* v. *City of Atlanta*, 60 *Ga.* 473; *City Council of Augusta* v. *Hudson*, 94 *Ga.* 135 (21 S. E. 289); *Samples* v. *City of Atlanta*, 95 *Ga.* 110 (22 S. E. 135).

3. There was no error in refusing to charge that although there may have been a hole in a county bridge, and although it may have been negligence on the part of the county not to place guard-rails at the approach to the bridge, yet if the horse driven by a person injured was unruly and intractable, the plaintiff could not recover, "for when persons drive unsafe and intractable animals, they assume all risks incident thereto." Such a charge would have withdrawn from the jury the questions of negligence of the respective parties and proximate cause, and have dealt with them as questions of law, which would have been error, under the evidence. *City Council of Augusta* v. *Hudson*, supra.

4. An embankment contiguous to a bridge and made as a necessary means of access thereto, so as to enable teams and wagons to pass over it, is a part of the bridge, and the authorities charged with using ordinary care for the purpose of keeping the bridge in reasonably safe condition

for use by the public in the ordinary modes of travel are under a duty to use a similar measure of diligence in regard to such abutment or approach. *Daniels* v. *Intendant and Wardens of Athens*, 55 *Ga.* 609; *Howington* v. *Madison County*, 126 *Ga.* 699 (55 S. E. 941).

5. Where a suit was brought to recover damages for a personal injury, and the extent of the plaintiff's injury was in issue, after she and her husband had testified in respect thereto, and that she had been treated by a named physician, and stated the amount paid to him, there was no error in permitting the husband to explain the non-production of the physician as a witness by testifying that the latter had been present at court on the previous day and had agreed to return on the day of the trial unless a difficult obstetrical case demanded his attention, but had not returned.

6. The evidence authorized the verdict. While some of the excerpts from the charge to which exception was taken, standing alone, may have contained inaccuracies of expression, yet, in the light of the evidence and the entire charge, they do not constitute grounds for a reversal.

    *Judgment affirmed. Beck, J., absent. The other Justices concur.*

             FEBRUARY 12, 1913.

Action for damages. Before Judge Meadow. Morgan superior court. December 1, 1911.

*George & Anderson*, for plaintiff in error.

*F. C. Foster*, contra.