17290.  SEABOARD AIR-LINE RAILWAY COMPANY *v.*
SHENSKY.

The petition as amended stated a cause of action against the railway com-
   pany for the mashing of the plaintiff's hand between the coupler and
   the dead-block of two freight-cars which, in the discharge of his duty
   as a brakeman, he was attempting to couple.
The paragraph of the petition to which photographs of couplers were at-
   tached as exhibits was not subject to the special demurrer.
The charge of the court as to the absolute duty of a railroad company to
   equip its cars with couplers that may be uncoupled by means of a lift-
   lever on the outside of the car was not subject to the exceptions taken.
Parts of the charge which, when taken from their context, may be subject
   to criticism should be considered in connection with the remainder of
   the charge; and when so considered, several of the excerpts complained
   of in this case were not harmful.  The charge was to some extent con-
   fused and self-contradictory, but not sufficiently so to require another
   trial.  As a whole it was full and fair and clearly presented the material
   issues.
Failure to charge as to the form of a verdict for the defendant, or to
   instruct the jury "to return their findings separately upon the separate
   counts" of the petition, is not cause for a new trial.
The evidence authorized the verdict, and no cause for a reversal is found
   in any of the grounds of the motion for a new trial.

DECIDED DECEMBER 14, 1926.

Damages; from McIntosh superior court—Judge Sheppard.
February 17, 1926.

Application for certiorari was made to the Supreme Court.

*C. B. Conyers,* for plaintiff in error.

*Shelby Myrick, Edwin A. Cohen,* contra.

PER CURIAM.  Shensky sued the railway company for damages
for alleged personal injuries.  His petition as amended contained
three counts.  In the first count he alleged: that at the time he
was injured he was working as a brakeman on a freight-train of
the defendant company which at the time was engaged in inter-
state commerce; that while endeavoring to uncouple two cars in
the train by the direction of the conductor of the train (the plain-
tiff having to go between the two cars because the coupler between
them was defective and he could not uncouple the cars without so
doing), his right hand was mashed between the coupler and the

Appeal and Error, 4 C. J. p. 852, n. 56; p. 905, n. 41; p. 1068, n. 22;
p. 1069, n. 23; p. 1075, n. 52.
   Master and Servant, 39 C. J. p. 385, n. 52.
   New Trial, 29 Cyc. p. 791, n. 22; p. 832, n. 60.
   Trial, 38 Cyc. p. 1778, n. 73; p. 1779, n. 75, 76.

dead-block of the car, and was seriously, painfully,. and permanently injured. The negligence of the defendant alleged in this count was in using on its cars couplers which could not be uncoupled without a brakeman or switchman going between the cars, in violation of the safety-appliance acts of Congress. The second count was substantially the same as the first count, except that the negligence alleged was the act of the engineer of the train in backing it against the plaintiff while he was between the cars. The third count was· similar to the other two, except that its ground of negligence was the failure of the defendant to have its cars equipped with automatic couplers equal in kind to those in general use by other railroads. General and special demurrers to the 'petition were overruled, and proper exceptions were taken. The trial then proceeded to a verdict and judgment in favor of the plaintiff for $5,500; the defendant's motion for a new trial was overruled, and it excepted.

1. A special demurrer attacked paragraph 10 of the second count of the petition, which paragraph recited that the petitioner had attached, as exhibits to the count, three photographs of a Simplex coupler; that the photograph marked "Exhibit A" showed the coupler with the "knuckle" out, so as to disclose the "lift pin" and the "lock pin;" that the photograph marked "Exhibit B" showed .the coupler with the "knuckle" in place; that the photograph marked "Exhibit C" showed the "lock pin" of the coupler raised up when the "lift pin" was raised by the "lift lever;" that if the Simplex coupler on the defendant's train had been in good order, the lock pin would have been raised up when the lift pin was raised up by the lift lever, as shown in the photograph marked "Exhibit C," the knuckle would have been released and would have opened, and the cars would have become uncoupled. The special demurrer to this paragraph was as follows: "Defendant demurs specially to paragraph 10 of second count, and moves the court to strike the same, because 'it does not appear therefrom that the coupler therein described (photographs of which are alleged to be attached) is the coupler which it is claimed injured plaintiff's hand, but, on the contrary, the reasonable inference is that said paragraph is dealing with some other and different coupler from that involved in the transaction in question." It will be observed that this demurrer does not at-

tack the attaching of the photographs to the petition as exhibits, but it asks that the entire paragraph be stricken for the reasons given in the demurrer. The demurrer does not raise any of the objections now raised in the brief of counsel for the plaintiff in error, viz.: "If the attaching to the petition of photographs was to be allowed, it will permit the plaintiff to attach photographs and have them before the jury without any proof as to their being genuine or correct. The inclusion of these photographs in the petition was not necessary to the cause of action; and if they were at all germane to the case, they should have been introduced in evidence upon proper proof. Their inclusion in the petition has the effect of permitting the plaintiff to plead the proof." Under this state of facts the overruling of this special demurrer was not error. The other demurrers to the petition are not argued or referred to in the brief of counsel for the plaintiff in error, and are treated as abandoned.

2. No material error appears in any of the rulings upon the admissibility of evidence.

3. Under repeated rulings of the Supreme Court of the United States, the court did not err, for any reason assigned, in charging the jury that it was "an absolute duty upon the part of this railroad and every other railroad to equip its cars with couplers which can be uncoupled without the necessity of men going in between the ends of the cars; that is to say, couplers that can be uncoupled by means of a lift lever on the outside of the car. . . This is an absolute duty upon the part of the railroad in this case."

4. Several excerpts from the charge of the court, standing alone, are perhaps subject to criticism as intimating an opinion as to the facts of the case, but, when these excerpts are considered in the light of their context and the charge as a whole, it does not appear that the jury could have understood that the court was expressing or intimating an opinion as to what had been proved in the case. It is well settled that in considering whether excerpts from a charge are subject to the criticism that they contain an expression or intimation of opinon upon the facts of the case, they should be considered in the light of the entire charge. *Olliff* v. *Howard,* 33 *Ga. App.* 782 (127 S. E. 821), and citations.

5. The plaintiff's petition contained three lengthy counts, and several Federal statutes were involved. The court's charge was

necessarily long, and while it was to some extent confused and self-contradictory, it was not sufficiently so to require another hearing of the case. The charge as a whole was full and fair and clearly presented the material issues to the jury.

6. In view of the facts of the case and the entire charge of the court, the failure to instruct the jury as to the form of their verdict in the event they should find for the defendant is not cause for a new trial.

7. The failure of the court to instruct the jury "to return their findings separately upon the separate counts in the plaintiff's petition" does not require another hearing of the case.

8. The court's charge upon the doctrine of "res ipsa loquitur" was applicable to the facts of the case, and, although somewhat confused, contained no material error.

9. Under all the particular facts of the case this court can not hold that the verdict (for $5,500) was excessive.

10. After a careful consideration of all the remaining grounds of the amendment to the motion for a new trial, we find in none of them cause for a reversal of the judgment below.

11. The evidence authorized the verdict, and the refusal to grant a new trial was not error.

*Judgment affirmed. Broyles, C. J., and Luke, J., concurs. Bloodworth, J., absent on account of illness.*