### HAVIRD *v.* RICHMOND COUNTY.

No. 9317.  March 17, 1933.

W. D. Lanier and W. K. Miller, for plaintiff.

F. Frederick Kennedy and Henry C. Hammond, for defendant.

Russell, C. J.   The first instance, so far as we are aware, where this court defined the meaning of the term "bridge" was in *Daniels* v. *Intendant &c. of Athens*, 55 *Ga.* 609.   It was there held that a contiguous embankment necessary to make access to a bridge, so as to pass teams and wagons over it, is a part of the bridge, and title to the bridge covers such an embankment.   But if the embankment is not a necessary part of the bridge, but a part of the streets of the municipality, the town, and not the county, would be bound to keep it in repair.   As to liability for injuries caused by bridges, this court held, in *County of Tatlnall* v. *Newton*, 112 *Ga.* 779, 781 (38 S. E. 47), that in the light of the last proviso of the Code section, supra, embracing the positive declaration "that in every case the county shall be primarily liable for all injuries caused by reason of any defective bridges," the authority vested in ordinaries by Code (1910) § 747, carries with it the correlative duty of seeing to it that all county bridges are properly built and then kept in safe condition.   It was plainly the legislative purpose to make counties liable for injuries resulting from a failure on the part of the proper authorities to observe either branch of the duty above indicated.   The two duties referred to are:   (1) that all county bridges must be properly built;  (2) that they are then kept in a safe condition.   In the *Daniels* case this court held:   "1. A contiguous embank-

ment necessary to make access to a bridge, so as to pass teams and wagons over it, is a part of the bridge, and title to the bridge covers such an embankment. 2. A bridge, though within the corporate limits of a municipality, may belong to the county and not to the municipality; and if it be recognized both by the county and the municipality as the property of the former, the former and not the latter is bound to keep it in repair; and the duty to repair extends to all the bridge, including whatever contiguous thereto is necessary to get access to it to cross the stream thereon."

Whether the County of Richmond has any duty to keep a light at night, or to remove obstructions placed in an embankment or other approach to a bridge, is one of the questions raised by the present question from the Court of Appeals. In *City of Atlanta* v. *Wilson*, 59 *Ga.* 544 (27 Am. R. 396), the suit was against the city rather than a county; and we do not overlook the fact that a county is not liable except as expressly charged with liability (Political Code, § 384), whereas the liability of a city is not confined by such restrictions. However, on the subject of the maintenance of an embankment which is an approach to a bridge, Judge Bleckley, in the case last cited, said: "The city has neglected to erect any railing or other means of protection along the embankment, for the safety of vehicles. To do this was its duty; the failure was negligence, and such negligence caused the injury now complained of. It was the duty of the city to keep the street in safe condition. By reason of the city's negligence and carelessness in erecting the embankment and leaving it in the unprotected condition described, the plaintiff has been damaged the sum of ten thousand dollars, in this: . . It will be observed that the declaration alleges negligence on the part of the defendant, specifies in what it consisted, and avers that it caused the injury. The demurrer admits all this to be true, as well as the nature of the injury, the plaintiff's freedom from fault, and the fact and extent of his damage. In Georgia, negligence is held to be a question of fact for the jury. We have no doubt that the declaration is sufficient in law, if the jury shall believe it fully proved. It will be for them to decide whether the street, under all the circumstances, was less safe than it should have been, and whether its unsafe condition was the real cause of the injury. The city was bound to ordinary and reasonable diligence, and the plaintiff was entitled to such protection as that diligence would afford— nothing more and nothing less."

In *Hackney* v. *Coweta County*, 117 *Ga.* 327 (43 S. E. 725), this court held that "A county is liable for injuries caused by a defect in a county bridge constructed, either by contractors or by the county authorities, since the passage of the act of 1888, although the injuries occurred more than seven years after the bridge was constructed." Prior to the act of 1888, the liability of the county was dependent on the liability of the contractor; but, as pointed out by Chief Justice Simmons in the case just cited, "The act of 1888 changed all this, so far as the county is concerned. It made it discretionary with the county authorities to exact bond and security, or not to do so, and in either event it declared that the county should be liable in every case 'for all injuries caused by reason of any defective bridge, whether erected by contractors or county authorities;' not only liable, but *primarily* liable, meaning by this expression the reverse of dependently liable, changing the nature of the previous liability from dependent to independent or principal liability. It is plain, therefore, that the new liability set up is unlimited in time, for there is nothing to limit it by." In *County of Tattnall* v. *Newton,* supra, it was said: "A bridge which constitutes a portion of a public road is necessarily a public bridge." So, though the county is not liable for defects in a public road, the part of a public road which constitutes the abutments to a bridge, and which is absolutely necessary for the use of the bridge, is a portion of the bridge itself, and the obligation to keep the same in repair, and the liability resulting from failure to repair it, apply just as they would to the bridge itself. "Whether a structure is or is not a bridge may sometimes be a question of fact. The structure may be of such peculiar construction, or so peculiarly located in the particular case, as to require its character to be determined by the jury in the particular instance. So it must sometimes be that what are parts of a bridge is a question to be determined as one of fact and not of law. Generally, however, the question of what is or is not a bridge is for the court, and not the jury." Elliott on Roads and Streets, 25. In *Howington* v. *Madison County*, 126 *Ga.* 699 (55 S. E. 941), this court held: "The term bridge includes all appurtenances necessary to its proper use, and embraces its abutments and approaches. That which is necessary as an approach, to connect the bridge with the highway, is an essential part of the bridge itself."

We reach the conclusion that the question propounded by the Court of Appeals should be answered in the affirmative.

*All the Justices concur, except*

GILBERT, J., who dissents from the answer to the question. Moreover, he is of the opinion that the question propounded is not of such character as to confer upon this court the right to entertain, consider, and answer it. *Louisville & Nashville R. Co.* v. *Hood,* 149 *Ga.* 829 (2) (102 S. E. 521); *Bryant* v. *Georgia Railway & Power Co.,* 162 *Ga.* 511 (134 S. E. 319); *Moreland* v. *State,* 164 *Ga.* 467, 473 (139 S. E. 77); *Herring* v. *State,* 165 *Ga.* 254, 258 (140 S. E. 491); *Southern Exchange Bank* v. *First National Bank,* 165 *Ga.* 289 (140 S. E. 753).