### 21924. HAVIRD *v.* RICHMOND COUNTY.

STEPHENS, J. 1. A fill or an embankment in a road which constitutes the approach to a bridge and which is necessary to make access to the bridge is a part of the bridge. *Daniels* v. *Athens,* 55 *Ga.* 609; *City Council of Augusta* v. *Hudson,* 94 *Ga.* 135 (21 S. E. 289); *Howington* v. *Madison County,* 126 *Ga.* 699 (55 S. E. 941); *Morgan County* v. *Glass,* 139 *Ga.* 415 (77 S. E. 583).

2. Where a new bridge was erected across a river, and a fill or an embankment in the roadway which led to the old bridge was, after having been damaged by flood waters, rebuilt and adjusted to the new bridge, and this structure constituted a new bridge, and such new bridge was erected in the year 1930, section 748 of the Political Code of 1910, which is a codification of an act of 1888, providing for liability against a county for injuries caused by reason of "any defective bridges," is applicable. *Warren County* v. *Evans,* 118 *Ga.* 200 (44 S. E. 986); *Helvingston* v. *Macon County,* 103 *Ga.* 106 (29 S. E. 596); *Joyce* v. *Whitfield County,* 28 *Ga. App.* 797 (113 S. E. 52).

3. A defect in a bridge, which serves as the basis for liability by a county for injuries received by reason thereof, includes any condition of the bridge which renders the bridge unsafe for travelers passing over the bridge.

4. It appearing from the allegations in the petition that a barricade was negligently maintained by the defendant county, in the nighttime, without light or warning, upon an approach to a bridge, which constituted a part of the bridge, and the bridge had been erected since 1888, and that the plaintiff, as a proximate result of the negligence of the defendant, was injured by the automobile in which the plaintiff was traveling along

the road on the bridge, running into the barricade, the petition set out a cause of action and the court erred in sustaining the general demurrer.

5. See *Havird* v. *Richmond County*, 176 *Ga.* 722 (168 S. E. 897), in which the Supreme Court answered a certified question in this case.

6. The above is true notwithstanding the bridge is over a stream which is on the border line between this State and another State. Civil Code (1910), § 424.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED APRIL 26, 1933. REHEARING DENIED SEPTEMBER 29, 1933.

*W. D. Lanier,* for plaintiff.  *Hammond & Kennedy,* for defendant.