31063. JOHNSON COUNTY *et al.* v. HICKS.
31064. JOHNSON COUNTY *et al.* v. HODGES.
31065. JOHNSON COUNTY *et al.* v. MARTIN.

DECIDED NOVEMBER 21, 1945.   REHEARING DENIED DECEMBER 5, 1945.

W. C. Brinson, Will Ed Smith, for plaintiffs in error.

J. Roy Rowland, E. L. Rowland, H. T. Hicks, contra.

FELTON, J. (After stating the foregoing facts.) ■ Assuming for the sake of argument that the allegations show that the completed new structure would have been a bridge under the law, the petition does not state a cause of action against Johnson County. "A county is not liable to suit unless made so by statute." Code, § 23-1502; *Purser* v. *Dodge County*, 188 *Ga.* 250 (3 S. E. 2d, 574). The provision of law under which it is contended that the county is liable is that part of the Code, § 95-1001, which provides: "Provided, however, that in every case the county shall be primarily liable for all injuries caused by reason of any defective bridges, whether erected by contractors or county authorities." The petition alleges that the old bridge had been completely removed, and the construction of the new bridge had barely been begun. There is no liability so far as defectiveness in the old bridge is concerned, because there was no old bridge in existence. There is no liability so

far as defectiveness of the new bridge is concerned, because the new bridge had not come into existence. One concrete support is no more a bridge than a foundation is a house. The statute contemplated only completed structures so far as liability for defective conditions are concerned. There is no statutory liability for the county's failure to erect guards, rails, or warning signs. *Meriwether County* v. *Gilbert*, 42 *Ga. App.* 500 (156 S. E. 472); *Warren County* v. *Battle*, 48 *Ga. App.* 240 (172 S. E. 673). The case last above cited does not hold contrary to what is here held, for the reason that in that case the old bridge had not been entirely removed and the remaining part of the original bridge was being repaired. The same is true of the case of *Pike County* v. *Matthews*, 49 *Ga. App.* 152 (174 S. E. 642), the record in which shows the same facts as appear in *Warren County* v. *Battle*, supra. The ruling in *Havird* v. *Richmond County*, 176 *Ga.* 722 (168 S. E. 897), is not contrary to what is here ruled, because in that case there was a barricade on an abutment to the bridge (as held by the court in the same case, 47 *Ga. App.* 580, 171 S. E. 220), and the injured person was injured by running into the barricade which was negligently maintained. The liability must be based on negligence in the maintenance of the old bridge or a new bridge. *Warren County* v. *Evans*, 118 *Ga.* 200 (44 S. E. 986). Neither is alleged.

◼ Since no cause of action is stated against Johnson County, it follows that the court had no jurisdiction of the partnership, the members of which reside in Dodge County. *Peake* v. *Stovall*, 50 *Ga. App.* 595 (170 S. E. 287), *McCommon* v. *Martin*, 33 *Ga. App.* 392 (126 S. E. 272), *Hamilton* v. *DuPre*, 111 *Ga.* 819 (35 S. E. 684), *Central of Georgia Ry. Co.* v. *Brown*, 113 *Ga.* 414 (38 S. E. 989, 84 Am. St. R. 250), *Warren* v. *Rushing*, 144 *Ga.* 612 (87 S. E. 775), and *Evans* v. *Garrett*, 72 *Ga. App.* 846 (35 S. E. 2d, 387).

The court erred in overruling the demurrers of Johnson County and of Coffee Construction Company, a partnership. Under these rulings, it is unnecessary to decide whether the partners could be made parties by amendment after the filing of the original petition against other defendants.

*Judgments reversed. Sutton, P. J. and Parker, J., concur.*