31248. GUARDIAN LIFE INSURANCE COMPANY OF AMERICA *v.* McMICHAEL.

54

DECIDED JUNE 6, 1946.   REHEARING DENIED JULY 5, 1946.

*Powell, Goldstein, Frazer & Murphy,* for plaintiff in error.
*James A. Branch, Thomas B. Branch Jr.,* contra.

FELTON, J. ■ In this State it is a fundamental rule of pleading that a petition must allege unequivocally the ultimate facts necessary to constitute a cause of action. This means facts the existence of which must be found by the court or jury from evidence introduced on the trial of the case. Such facts are necessarily conclusions and inference from other proved facts as distinguished from conclusions of law. Allegations of conclusions of law must be supported by facts justifying them, but allegations of ultimate facts need not be supported by the allegation of evidentiary facts by which the ultimate facts are to be proved. *Watts* v. *Rich,* 49 *Ga. App.* 334 (175 S. E. 417). The ultimate facts must be alleged and allegations of evidentiary facts will not suffice unless they *demand* the inference of the ultimate fact. *Bivins* v. *Tucker,* 41 *Ga. App.* 771 (154 S. E. 820), and cases cited. The policy in this case provides for payment in the event of a particular kind of accident, to wit, one resulting directly and independently and exclusively of all other causes from bodily injuries effected solely through external, violent and accidental means, etc. Paragraphs 4 and 5 of the petition allege that the insured's death was accidental as defined

by the policy. It was not necessary to again specifically negative such causes as were not contemplated by the provisions of the policy, as to do so would have been unnecessary repetition. We think that the ruling in *Newman* v. *Benefit Assn. of Ry. Employees,* 173 *Ga.* 881 (162 S. E. 122), by its necessary implications, settles the question as to whether this petition states a cause of action and whether the allegations are conclusions of the pleader. The case of *Mutual Life Insurance Co.* v. *Burson,* 50 *Ga. App.* 859 (179 S. E. 390), is also supporting authority. In that case the ultimate fact of accidental death was alleged. The allegations of further evidentiary facts which would have authorized an evidential inference would not have been sufficient without the allegation of the ultimate fact except insofar as they demanded the inference of the ultimate fact. The same is true of the case of *Jefferson Standard Life Insurance Co.* v. *Bentley,* 55 *Ga. App.* 272 (190 S. E. 50). The ultimate fact was also alleged in that case and was sufficient without the additional evidentiary facts alleged. See also Western Travelers' Accident Association *v.* Munson, 73 Neb. 858 (103 N. W. 688, 1 L. R. A. (N. S.) 1068) ; Fraley *v.* Business Men's Accident Assn., 213 Ill. App. 463 ; Healey *v.* Mutual Accident Assn. of the Northwest, 133 Ill. 556 (25 N. E. 52, 9 L. R. A. 371, 23 Am. St. 637) ; Business Men's Assur. Co. *v.* Richardson, 234 Ky. 838 (29 S. W. 2d, 563). See also *Gray* v. *Bradford,* 194 *Ga.* 492 (22 S. E. 2d, 43), where it was held that an allegation of ownership of land is not a conclusion of law. Grounds 1 and 3 of the demurrer were properly overruled.

■ A part of ground 2 of the demurrer should have been sustained. This ground, insofar as it calls for allegations of evidentiary facts by which the accidental fall is to be proved, is without merit. *Jackson* v. *Sanders,* 199 *Ga.* 222 (33 S. E. 2d, 711). We do think, however, that if the facts are known to the plaintiff, she should allege with more particularity from what part of the fourth floor the deceased fell, whether from the roof, window, stairway, etc. It would seem that this much would be necessary to give the defendant sufficient information to enable it to adequately make its defense.

The court did not err in overruling grounds 1 and 3 of the demurrer, but erred in overruling ground 2, as indicated above.

*Judgment affirmed in part, and reversed in part. Sutton, P. J., and Parker, J., concur.*