32819.  HAYWOOD *v.* MATHIS.

DECIDED MARCH 3, 1950.  REHEARING DENIED MARCH 17, 1950.

*J. D. Godfrey, Casey Thigpen,* for plaintiff.
*Stevens & Stevens,* for defendant.

FELTON, J. The plaintiff expressly abandons the general grounds of the motion for a new trial. The special grounds allege: (1) that the court erred in giving the charge, "And I charge you, as already stated, if you believe under the evidence in this case, after applying the rules of law as given you thereto in charge, that the contentions of the plaintiff are correct you would be authorized to return a verdict in her favor for such amount as you might find to be authorized in the light of the rule for measure of damages as already given you in charge. On the other hand if you believe the contentions of the defendant are correct, after applying the rules of law thereto as already given you in charge, it would be your duty to return a verdict for the defendant and in that event the form of your verdict would be, 'We, the jury, find for the defendant' . ." without giving, even without written request, the exact form of a verdict in favor of the plaintiff in the event the jury decided to return a verdict for plaintiff, and (2) that the court erred, even without written request, in failing to charge the jury on the law of nominal damages.

■ Ground (1) of the motion for a new trial is without merit. While the charge did not contain the exact form of the verdict the jury might return if it found for the plaintiff, considering the charge as a whole it was equally as favorable to the plaintiff as to the defendant, as evidenced by the following portions of the court's charge: "If you believe the contentions of the plaintiff are correct, . . why in that event I charge you that she would be entitled to recover such sum as you may find to be warranted under the evidence, in accordance with the rules for the measure of damages which the court will later give you in charge. . . I charge you, as I said, if you believe that Mr. Mathis cut her without any justification why then in that event she would be entitled to such damages as you may find the evidence to warrant according to the measure of damages to be given you in the charge. In case you should find the plaintiff is entitled to recover in the case I charge you this principle of law. . . When you consider that question, if you believe that the defendant is liable, then exercise the enlightened conscience of an impartial jury, you will fix the amount of money which the plaintiff in your opinion is entitled to recover from the defendant." The same point was

made in *Seaboard Air-Line Ry. Co.* v. *Shensky,* 36 *Ga. App.* 163 (136 S. E. 178), as shown by the record of the case. There the court held that a new trial was not demanded because of failure of the court to charge as to the form of verdict of one party where he charged the form for the adverse party if the entire charge of the court was otherwise correct. In view of the entire charge it does not appear that the plaintiff in the present case was prejudiced by the failure of the judge to charge a form of verdict the jury could return in case they found for the plaintiff.

■ Ground (2) of the motion is also without merit. The petition did not contain a prayer for nominal damages and the evidence disclosed that the damages sustained by the plaintiff, if any, were substantial. The relief sought by the plaintiff was actual damages and where only actual damages were alleged and prayed for and the evidence disclosed substantial damages, if any, the jury could have only returned a verdict based on actual damages if they found in favor of the plaintiff. Under the pleadings and the evidence it would have been prejudicial to the plaintiff, and error, if the court had charged the law on nominal damages.

The court did not err in overruling the motion for a new trial. *Judgment affirmed. Sutton, C. J., and Worrill, J., concur.*