39832. DeKALB COUNTY v. BREWER.

Decided January 21, 1963.

232

*George P. Dillard, Herbert O. Edwards, Robert E. Mozley,* for plaintiff in error.

*Dan E. McConaughy,* contra.

FELTON, Chief Judge. 1. It is the duty of county authorities under *Code* § 95-1001, to construct and maintain bridges across streams in a workmanlike and proper manner, so that any person may use them in safety, in ordinary travel, (*County of Tattnall v. Newton,* 112 Ga. 779, 38 SE 47; *Stamps v. Newton County,* 8 Ga. App. 229 (5), 68 SE 947), and "a traveler on the public highway, exercising due care, although he knows there is some danger in driving over a defective bridge, may recover for injuries thus sustained, unless the danger is obviously of such a character that driving over the bridge, in and of itself, amounts to a want of ordinary care." *Elbert County v. Threlkeld,* 145

Ga. 133 (88 SE 683); *Coffee County v. Denton*, 64 Ga. App. 368, 369 (1) (13 SE2d 209) and cit.

2. "A defect in a bridge, which serves as the basis for liability by a county for injuries received by reason thereof, includes any condition of the bridge which renders the bridge unsafe for travelers passing over the bridge" (*Havird v. Richmond County*, 47 Ga. App. 580 (3), 171 SE 220), and includes "not only bridges defectively built, but bridges out of repair." *County of Tattnall v. Newton*, 112 Ga. 779, 782, supra.

3. There is really only one specification of negligence in the case and that is that the county was negligent in constructing and maintaining a bridge which was defective and dangerous because the distance between the runners was too great (affording only six inches of room on the runners for the left and right wheels of the vehicle in which the plaintiff was riding) when the runners were extremely slippery, especially when wet, because they were worn smooth and because they contained matter from fumes, oil, grease and other debris from vehicular traffic. The allegation of the combination of circumstances set forth a cause of action. Of course, the mere allegations of wooden construction, smoothness, wetness from rain, etc., would not constitute negligence, but the other allegations, especially that of the wide distance between the runners, set forth the cause of action to be submitted to a jury for decision. This court cannot take judicial notice that a bridge of the kind alleged is in general use, either from original construction or from repairs, in view of the advent of small vehicles with narrow wheel gauges. The court did not err in overruling the general demurrer.

4. The special demurrer complains that the allegation in the petition, that the plaintiff was riding as a guest passenger in the automobile at the time of the accident, is an unsubstantiated conclusion. "Good pleading requires only that the plaintiff plainly and concisely state the material ultimate facts upon which she depends for a recovery. As a general rule, the evidentiary facts upon which the plaintiff relies to prove the ultimate facts need not and should not be set forth in the pleadings. [Cases cited]." *Lefkoff v. Sicro*, 189 Ga. 554 (10) (6 SE2d 687, 133 ALR 738); *Jackson v. Sanders*, 199 Ga. 222, 227 (33 SE2d

234

711, 159 ALR 638); *Guardian Life Ins. Co. v. McMichael,* 74 Ga. App. 53 (38 SE2d 689). The allegation was one of a material ultimate fact; therefore the demurrer was properly overruled. The petition does not disclose the identity of the host driver and the defendant would have been entitled to that information if a special demurrer directed to that inadequacy of the petition had been filed.

5. Under the foregoing rulings, the court did not err in overruling the defendant's demurrers to the petition.

*Judgment affirmed. Russell, J., concurs. Eberhardt, J., concurs specially.*

EBERHARDT, Judge, concurring specially. While I concur with the judgment of affirmance, I do so dubitante. As is pointed out in the opinion, the only effective specification of negligence has to do with the width of the space between the runners on the bridge. That is alleged to be 36 inches, while the width between the wheels of the small foreign-made car was 48 inches. While I think that these allegations negative any negligence of the county in this respect, the cumulative allegations of other conditions on the bridge may be sufficient to raise a jury question.