## 3674.  HUTCHINSON *v.* GREENE COUNTY.

The court erred in awarding a nonsuit.  The issue as to whether the
plaintiff, in attempting to cross the bridge, was guilty of such contrib-
utory negligence as would amount to an assumption of the risk and
defeat recovery was one exclusively for determination by the jury, under
the peculiar circumstances of the case.  The existence and the degree
of negligence, if any, is a question of fact.

DECIDED MAY 7, 1912.

Action for damages—appeal; from Greene superior court—Judge
J. B. Park. July 27, 1911.

*J. G. Foust,* for plaintiff.  *Noel P. Park,* for defendant.

RUSSELL, J.  The trial court nonsuited the plaintiff.  The action
is based upon an injury to the plaintiff's mule, alleged to be due
to the failure of Greene county to perform its duty in keeping a
certain public bridge in good and safe order.  According to the
testimony of the plaintiff, he knew that in the bridge there was a
hole which had been there for perhaps three months.  "It was
on one side of the bridge, about where the wheels cross between the
last plank and the dirt alongside the bridge."  Another hole con-
sisted of a broken plank at the other end of the bridge.  It would
appear, from the evidence, that the bridge was not of any con-
siderable length, because the plaintiff testified that one of the
mules got frightened at the broken plank and shied, forcing the
other mule to the other end of the bridge, and the mule got his
foot in the hole first described, near where the wheels usually
cross.  The plaintiff testified that he drove over the bridge slowly
and tried to cross over it on the side opposite where the mule fell
in the hole.  There was no possible road by which he could get
to his farm except over this bridge, unless he went several miles
out of the way to get to another road.

In support of the judgment of nonsuit counsel for the defendant
relies upon the fact that the plaintiff knew of the condition of the
bridge; and he contends that no one who was the alter ego of the
county had knowledge or notice of its defective condition.  As to
the latter proposition, we think the jury could properly have in-
ferred·that, as the defect had existed from three to four months,
the county authorities had knowledge of its existence.  So far as
the knowledge of the plaintiff himself is concerned, we think it
was within the province of the jury to say, under the peculiar cir-

cumstances of the case, whether he was negligent in attempting to cross the bridge, or whether the exercise of due caution would have required him to go several miles out of the way to get to his farm, which lay right across from the bridge. The existence of negligence is peculiarly a question of fact, and the determination as to whether it exists in such a degree on the part of the plaintiff as to defeat recovery, by reason of the fact that he must be presumed to have assumed all the risks consequent upon his undertaking, is also a question of fact. In the present .case the jury would have been authorized to infer that if there had been only the hole in which the plaintiff's mule broke his leg, the care used by the plaintiff would have sufficed to have avoided the casualty. In other words, the second hole caused by the broken plank (which it was the duty of the county authorities to have repaired) caused the mule to shy, and a jury might find that either or both of the defects in the bridge, while they were known to the plaintiff, might properly have been disregarded by him in the urgency of the necessity to cross the bridge, which it was the duty of the county authorities to keep in proper repair.

In our judgment the whole question should have been submitted to the jury, under proper instructions from the court.

*Judgment reversed.*