## ELBERT COUNTY *v.* THRELKELD.

1. A traveler on the public highway, exercising due care, although he knows there is some danger in driving over a defective bridge, may recover for injuries thus sustained, unless the danger is obviously of such a character that driving over the bridge, in and of itself, amounts to a want of ordinary care.

(*a*) The charge complained of lacked the qualification that if the bridge was so obviously dangerous that crossing on it would amount to a want of ordinary care, the plaintiff could not recover.

2. A bridge spanning a ravine which is crossed by a public road, and constituting a portion of such road, is a county bridge which the county authorities are under duty to keep in repair.

3. In order for a losing party to successfully complain of the court's failure to instruct the jury on the law of impeachment of witnesses, it must appear that an appropriate and timely written request was made for such instruction.

APRIL 15, 1916.

Action for damages. Before Judge Meadow. Elbert superior court. July 3, 1915.

*Z. B. Rogers,* for plaintiff in error. *G. C. Grogan,* contra.

EVANS, P. J. J. L. Threlkeld recovered judgment against Elbert County for certain injuries to his mule, which fell through a public bridge while being led across it by his minor son. The evidence tended to show that the injury was caused by the breaking of a rotten sill. The testimony of the plaintiff was to the effect that the defective sill was not discoverable by one passing over the bridge. The defendant introduced a witness who testified that about a week before the accident he was traveling along the road on which the bridge was located. When he reached the bridge he discovered that it "was in sort of bad condition. It was sunk down. . . It was in such shape that anybody driving up to it in the day time could see it. . . The bridge looked dangerous, and I said, 'I don't know whether we can cross it or not.'" The witness led his horse across the bridge.

1. The jury were instructed that if the plaintiff's son who was leading the mule knew of the defects in the bridge, and used ordinary care to avoid injury, the plaintiff would be entitled to recover, "regardless of the fact that he knew about the unsafety of the bridge." One of the contentions of the defendant was that the bridge was in an obviously dangerous condition; and that if the plaintiff's son, with a knowledge of that fact, led his father's mule over the bridge, the plaintiff could not recover. A traveler upon a public highway is not required in every case to suspend his journey because a bridge on the public highway may be in a defective condition. But he can not hold the county liable if the danger is obviously of such a character that driving over the bridge, in and of itself, amounts to a want of ordinary care and diligence. The

rule has thus been stated by this court: "A traveler exercising due care may, although he knows there is some danger in driving over a defective portion of a street which a city has negligently failed to put in safe condition, recover for the injuries thus sustained, unless the danger is obviously of such a character that driving over the place in question, in and of itself, amounts to a want of ordinary care and diligence." *City of Columbus* v. *Griggs,* 113 *Ga.* 597, 598 (38 S. E. 953, 84 Am. St. R. 257). The excerpts from the charge to which exception is taken excluded this principle of obvious danger.

2. It was admitted that the bridge spanned a ravine on a public road; and the court charged the jury that a bridge across a public road is a part of the public road. The criticism is that the evidence did not show it to be a part of the public road, and not such a bridge as the county is required to keep in repair. A bridge spanning a ravine which is crossed by a public road, and constituting a portion of such road, is a county bridge. A county wherein such bridge has been erected since the act of December 29, 1888, is liable for injuries resulting from defective construction thereof, or from failure by the county authorities to keep the same in repair. *Tattnall County* v. *Newton,* 112 *Ga.* 779 (38 S. E. 47).

3. Complaint is made that the court failed to charge on the law of impeachment of witnesses. This is contended to be error for the reason that the plaintiff's case depended largely upon the evidence of the plaintiff's son, who was leading the mule at the time of the injury, and who was claimed to have made contradictory statements as to the manner of the occurrence. It has been frequently held that the court is not bound to charge the law of impeachment, in the absence of a timely written request.

*Judgment reversed. All the Justices concur.*