7307, 7308.  BRANNON *v.* POLK COUNTY; and *vice versa.*

HODGES, J.  1. The foot-bridge in question, being erected by the county authorities after the passage of the act of 1888, and being used as a part of a highway by the public, is a public bridge in the meaning of the law. *County of Tattnall* v. *Newton,* 112 *Ga.* 779 (38 S. E. 47); *Elbert County* v. *Threlkeld,* 145 *Ga.* 133 (88 S. E. 683).

2. There was no error in charging the jury as follows: "See what the necessity of the plaintiff's using the bridge was,—whether or not—look to her age and all the circumstances surrounding the case in determining whether or not each of these parties used ordinary care." This charge is not subject to the criticism that it was calculated to create the impression that unless it was absolutely necessary for the plaintiff to use the bridge, she would not be entitled to recover.

27

3. The evidence authorized the charge of the court on the law of accident if neither party was at fault.

4. This court will not set aside the verdict upon the ground that it was inadequate. *Judgment affirmed. Cross-bill of exceptions dismissed.*

DECIDED JULY 11, 1916.

Action for damages; from city court of Polk county—Judge John K. Davis. January 12, 1916.

*Bunn & Trawick, John L. Tison,* for plaintiff.

*Fielder & Fielder,* for defendant.