### 9112. CITY OF THOMASVILLE v. CROWELL.

WADE, C. J. 1. There was evidence to support the verdict.

(a) There was testimony from which the jury were authorized to infer that the hole in the sidewalk which brought about the injury to the plaintiff was within the corporate limits of the municipality, and any conflict in the evidence on this point was settled by their verdict. The

testimony as to long use as a street by the public, and the general repute as to the location of the mile-post which marked the corporate boundary, was adequate, in the absence of any definite evidence to the contrary, .precisely establishing, the actual location of the corporate boundary.

(*b*) The testimony of a party who offers himself as a witness in his own behalf must be construed most strongly against him, if it be self-contradictory, vague, or equivocal; and unless there be other evidence tending to establish his right to recover, he is not entitled to a finding in his favor if the version of his testimony most unfavorable to his case shows that the verdict should be against him. *Southern Ry. Co.* v. *Hobbs*, 121 *Ga.* 428 (49 S. E. 294). See also *Steele* v. *Central Ry. Co.*, 123 *Ga.* 237 (51 S. E. 438). However, "if the plaintiff introduce other witnesses whose testimony is sufficient to establish the allegations of the petition," he may nevertheless prevail. *Ray* v. *Green*, 113 *Ga.* 920 (2) (39 S. E. 470). The testimony of the plaintiff in this case, construed most strongly against him, if uncertain or negative, did *not* expressly conflict with other testimony offered by him which tended affirmatively to prove that the defect in the sidewalk which caused his injury was within the corporate limits of the city. The case of *Meinhard-Ferst-Doyle Co.* v. *DeLoach*, 19 *Ga. App.* 323, 327 (91 S. E. 446), is not in point, as the testimony of the plaintiff was not directly "adverse" to his interest.

2. The 5th ground of the motion for a new trial, which complains of the admission of certain testimony of the plaintiff's witness Stevens, is without substantial merit; for, aside from the question as to its admissibility, there was other testimony to the same, general effect which appears not to have been objected to, and therefore its admission is not ground for reversal. Besides, this part of the testimony of Stevens (the admission of all of which is complained of in this ground of the motion), to the effect that he had built certain sidewalks by the direction of the mayor and council, was competent as tending to show that the city exercised control over this particular sidewalk, or that the place in question was used and recognized as a street by the city authorities. See, in this connection, *City of Dalton* v. *Humphries*, 139 *Ga.* 556 (3) (77 S. E. 790), and *Mayor &c. of Americus* v. *Johnson*, 2 *Ga. App.* 378 (4) (58 S. E. 518).

3. The court did not err in declining to give a requested written instruction which included a statement to the effect that if the jury should find that the plaintiff had full knowledge of the existence of the alleged defect in the sidewalk, but nevertheless endeavored to pass over it when there was no emergency requiring him to do so, he could not recover, notwithstanding he stepped or stumbled in the hole, or was unable to step across it, or misjudged the distance across it, and thereby fell and was injured, as the law in such a case would treat his voluntary act as the cause of the injury. There was no testimony from any source that the plaintiff had actual knowledge of the existence of the hole, and he expressly testified to the contrary, and the request as submitted was not precisely adjusted to the evidence. Furthermore, the request did

not suggest for the consideration of the jury whether or not, even if the plaintiff had knowledge of the existence of the hole, he was under all the circumstances in the exercise of ordinary care in attempting to step over or across it. Besides, the judge in his charge had substantially covered the issues suggested by the requested charge, and he was not required to repeat the instruction already given.

4. The photographs admitted in evidence over objection were not irrelevant or inadmissible for the reason that they did not show the facts existing at the time of the injury. While, under the testimony, both the hole and the ditch may have been somewhat deeper than at the time of the injury, there was no such change in the surroundings at the point where the injury occurred as required the exclusion of this testimony.

5. The excerpt from the charge complained of in the second amendment to the motion for a new trial is not subject to the various objections insisted upon. The court distinctly instructed the jury that liability attached only as to sidewalks within the limits of the municipality, which had been opened up or constructed by its authority, or control over which had been assumed by the municipality prior to the time of the plaintiff's alleged injury. This instruction did not authorize a recovery in the event the jury found that the place of the injury was *without* the corporate limits of the city, and is not subject to any of the specific objections urged, but, construed in connection with the entire charge, was adapted to the facts and law of the case.

6. In the brief of counsel for the plaintiff in error it is urged for the first time that one issue raised by the pleadings was as to the service of notice on the defendant of the claim of the plaintiff 30 days before filing suit, and that the brief of evidence disclosed no testimony upon this issue. The brief of evidence contains the following statement: "Plaintiff also put in evidence the notice hereto attached, together with the affidavit as to service indorsed thereon." The notice, with an affidavit attached showing service upon the city, appears in the record. It does not further appear that any objection whatever to this method of proving the service of the notice or as to the sufficiency of the notice itself, was presented in the court below, and therefore this ground of the motion can not be considered here.

7. No error appears in the refusal to grant the motion for a new trial, and this court is not vested with discretion to set aside verdicts supported by some evidence, even if, as contended by the plaintiff in error, that evidence be weak and unsatisfactory. There was evidence in this case, accepted by the jury as true, sufficient to support the verdict; and this verdict has been approved by the trial judge.

*Judgment affirmed. Jenkins and Luke, JJ., concur.*

DECIDED MAY 17, 1918. REHEARING DENIED JULY 9, 1918.

Action for damages; from city court of Thomasville—Judge W. H. Hammond. July 19, 1917.

*Clifford E. Hay,* for plaintiff in error.

*Titus, Dekle & Hopkins,* contra.