### 27169. JOHNSON COUNTY v. SCARBORO.

DECIDED MARCH 4, 1939.

*A. L. Halcher, E. L. Rowland, Francis F. Shurling,* for plaintiff in error.

*Claxton & Claxton,* contra.

GUERRY, J. The plaintiff was injured because the county failed to keep in repair a bridge over a stream on a public road. It was alleged and shown that the bridge had a lot of loose planks and holes in it; that it was 150 feet long and about 10 feet wide, and had no guard rails; that there were no warning signs to the public as to the condition of the bridge, and that its defective condition had been known for some time to the county authorities. Plaintiff used the bridge in going to and from his home to the town where he traded. He crossed the bridge on the morning of the injury, and saw that the bridge "was in bad shape, and you could

see holes in it all along," and that there were no guard rails. Plaintiff drove his horse and buggy back over the bridge after dark, and his horse seemed to get excited, and gave a surge backward, and then jumped like she was trying to jump across where a plank was out, and the horse, the buggy, and the plaintiff fell off the bridge because there were no guard rails. "One of the planks about where she was walking broke in or something. . . I saw the holes when I crossed the bridge that morning. I don't think the hole there where my mare fell off was there when I came over that morning. It looked like the plank kinder moved or something, and caused my mare to jump back and try to jump over the hole." The bridge was used constantly by the public, and the county authorities were notified of its condition, and had at various times, prior to the injury to plaintiff, patched the bridge.

The plaintiff in error insists that this evidence shows that by the use of ordinary care the plaintiff could have avoided the consequences of the alleged negligence, and that for that reason the evidence failed to support the verdict. In *Hutchison* v. *Greene County*, 11 *Ga. App.* 103 (74 S. E. 853), this court said: "The court erred in awarding a nonsuit. The issue as to whether the plaintiff, in attempting to cross the bridge, was guilty of such contributory negligence as would amount to an assumption of the risk and defeat recovery was one exclusively for determination by the jury, under the peculiar circumstances of the case. The existence and degree of negligence, if any, is a question of fact." In *Morgan County* v. *Glass*, 139 *Ga.* 415 (77 S. E. 583), it was held not error to refuse to charge, on request, that if the plaintiff knew there were no railings on a bridge, which failure or negligence resulted in the injury complained of, he assumed all risks and could not recover. In *Mitchell County* v. *Dixon*, 20 *Ga. App.* 21 (92 S. E. 405), it was held that where the plaintiff knew of the alleged defects in the bridge and that there was some degree of danger in attempting to cross it, he might still recover from the county for any injuries sustained unless it appeared "that the danger was so *obvious* [italics ours] that no ordinarily prudent and cautious man would venture on it or over it." Quoting further from that case: "With knowledge of a defect in a public road one may continue to use it, but he is obliged to exercise reasonable care for his own safety in so doing; and what is reasonable care must depend upon all

the facts and circumstances in the case. . . Actual knowledge of the condition of a public bridge is not conclusive evidence of contributory negligence, so as to bar a recovery by the person injured in consequence of its being out of repair, unless its condition is such that, under like circumstances, a person of ordinary prudence would not go upon it." The danger must be so obvious that no person in the exercise of ordinary prudence would venture to use it. If the issue is one on which reasonable minds might differ, then the question is one for the jury. "A traveler on the public highway, exercising due care, although he knows there is some danger in driving over a defective bridge, may recover for injuries thus sustained, unless the danger is obviously of such a character that driving over the bridge, in and of itself, amounts to a want of ordinary care." *Elbert County* v. *Threlkeld*, 145 *Ga*. 133 (88 S. E. 683).

Under the proved facts, we do not think that the danger of crossing this bridge was so obvious that no ordinarily prudent man would have attempted to use it. The jury were the arbiters of this question, and it is not apparent that their verdict is wrong. The fact that the public, as shown by the evidence, was constantly using this bridge, and that the county would come periodically and patch it, are themselves powerful circumstances indicating that the danger accompanying its use was not obvious to such an extent as would prevent a recovery by the plaintiff. The court did not err in overruling the motion for new trial.

*Judgment affirmed. MacIntyre, J., concurs. Broyles, C. J., dissents.*

BROYLES, C. J., dissenting. "If the plaintiff by ordinary care could have avoided the consequences to himself by the defendant's negligence, he is not entitled to recover." Code, § 105-603. "Although a county may have failed to take from the contractor building a bridge a bond to keep it in repair, as required by law, yet if a person, whose mule was injured on such bridge, by the exercise of ordinary care and diligence, could have avoided the injury, he could not recover." *County of Macon* v. *Chapman*, 74 *Ga*. 107. In my opinion, the plaintiff's own testimony, adduced on cross-examination (and properly construed most strongly against him since he was a party to the case), demanded a finding that by the exercise of ordinary care he could have avoided the consequences to

himself caused by the defendant's negligence. The verdict in his favor was contrary to law and the evidence, and the refusal to grant a new trial on the general grounds was error.