## 28524. GOODWIN v. ANDERSON.

GARDNER, J. The plaintiff in error brings this case here for review, first, on the general grounds; and, second, on exceptions to the charge of the trial court.

1. The jury was authorized to find, under the evidence, that the defendant officer did not so much as put his hands on the plaintiff or receive any article of property from her, notwithstanding her testimony to the contrary. The evidence supported the verdict.

2. While the judge's charge to the jury may contain inaccuracies of statement, none of the objections to it point to any material error which would warrant a reversal.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED NOVEMBER 4, 1940. REHEARING DENIED DECEMBER 18, 1940.

J. E. Chambers, C. G. Battle, for plaintiff.

E. Harold Sheats, W. S. Northcutt, Spalding, Sibley, Troutman & Brock, for defendant.

## ON MOTION FOR REHEARING.

GARDNER, J.  Upon a careful review of the entire record it appears that the only issue or issues involved which came but barely within the scope of the petition and the answer thereto, *on which the evidence bore,* were those which arose out of the alleged trespass by the defendant officer and another officer acting in concert, either in making an allegedly illegal arrest, or in acting in excess of the force necessary in making a legal arrest, and which had to do *only* with *damages to certain named property,* and not the illegal conversion by taking away the property and failing to return it. While the allegations were in intendment primarily in support of the latter, they were yet sufficient in scope to embrace the former. It appears that the trial court took this view and charged the jury accordingly. This court inclined to the same view and so rendered its opinion, holding that the evidence supported the verdict and that the objections pointed to no material error which would warrant a reversal. In so holding the court also observed that the jury was authorized to find that the defendant received no article of property from her as she alleged, which was adverse to the contentions now being urged by the motion for rehearing. But the plaintiff in error insists in her motion for rehearing that her cause of action was solely and exclusively for the conversion of her property by the defendant, by the taking of it away and the failing to return it, to the extent of the value of the property as itemized, and she insists that the court charged the jury on issues not involved, and failed entirely to charge on the trespass for the conversion, and did otherwise charge principles not applicable to the pleadings and the evidence. Movant insists that only the trespass, both under the pleadings and the evidence, was involved, and that the court erred in failing to charge the law applicable thereto, and in charging on other theories not supported by the pleadings and the evidence.

In response to the motion for rehearing we need not now look

to any theory presented by the pleadings and the evidence save only to that which the plaintiff in error irrevocably commits herself as being exclusively that involved, that of trespass for the illegal conversion. As to the pleadings, they decidedly uphold her contentions; as to the evidence, it altogether fails to support a trespass in the taking and failing to return the property, and a verdict therefor would have been illegal and could not have stood, irrespectively of any charge or omission to charge on that theory, or that the charge was on theories foreign to the issue as contended by plaintiff in error. As to the issue now urged by the movant, the brief of evidence must be treated as a lengthy, confused mass of evasive, conflicting, extraneous, irrelevant, and immaterial matter, without any material bearing on the issue declared, save as hereinafter quoted literally or in substance, which, in itself, is evasive, conflicting, and contradictory; and fails to show possession of the property in the defendant or that he, or the officer acting in concert. carried the property away, thereby converting it by failing to return it.

As to the legality of the arrest, it appears, and the jury would have been authorized to find, that she was in the present commission of the offense of violating the law with reference to lottery. Code, §§ 26-6501 et seq. As to the taking, carrying away, and failing to return the property, we set out the following evidence: The plaintiff in error testified: "As to what became of my hat; they had possession of the car and all that was in it [on the occasion of one of the officers causing her to drive her car to the jail, while the other officer accompanied them by following along in the police car]. I lost it on the outside of jail when Mr. Anderson [defendant in error] took me in jail. It was left in possession of him and Mr. Crawford. As to whether I lost my hat going to jail, everything was left behind; my hat was in the car; in my car. . . I never got my hat back. I was in company with Mr. Anderson and Mr. Crawford at the time I lost my hat. . . They took my pocketbook away from me. . . Mr. Anderson stood on [my right shoe] out at the car on the running board, to force me to turn my pocketbook loose, . . held my hand back and forced me to turn my pocketbook loose. Here is my pocketbook, the one that was turned wrong side out on the running board. They slugged me over the head to get it. Mr. Anderson turned it inside

out. I had receipts and $11.40 in that pocketbook; everything was poured out. I never got anything back except one receipt, and some little Dixie Deb receipts. I don't know whether the $11.40 was poured out on the running board or not. They brought me in jail and threw the pocketbook at me. . . Then my coat; . . I never got it back. The last time I saw it, it was not torn. As to who got my coat, the same one that got my hat, gloves, and pin. As to how they got the coat, it slipped back like a cape with large sleeves. I did not give them the coat. I have never gotten back anything I lost. I went to the court-house and asked for them back, but never got them. As to whether anything else was damaged, my coat and dress—my hat was lost. . . As to whether they took my pocketbook, yes, that is my pocketbook. They did not open it up; they tore the side out. It was opened up on the running board and some receipts fell out. [Mr. Anderson] carried me into jail. . . Mr. Crawford was left at the car. . . As to whether I asked Mr. Anderson for my coat, hat, and gloves, when he pulled me on the 7th of December a year ago, I meant to ask him. . . I have never asked him where my coat, hat, and gloves are. I am bodily afraid of him. I never asked him for any of them direct. No, it is not true that when I left jail thirty minutes afterward I had my coat, hat and gloves on. I don't know where my coat is today; nor where my hat and gloves are. That is the same dress I had on that day; it has been in my closet since four years ago [at the time of the arrest]. On the trial before Judge Wood [lottery charge] I brought my pocketbook down there. . . Mr. Anderson came in [the jail] with it and Mr. Crawford took it and pitched it and like to have hit me in the face." Mrs. Redwine, matron at the jail, as to the occasion of searching the plaintiff in error when she was brought to the jail by the defendant and the other officer, testified on her behalf: "She had a pin up here, and it [the dress] all hung down here. . . I saw a purse. I didn't see a coat. I did not see a hat nor gloves. . . I didn't see a pin. She did not have on a pin at that time. . . As to whether or not Mrs. Goodwin [plaintiff in error] had her hat or gloves, not when she came into jail. . . As to the pin being lost when it was jerked loose, she told me to look for the pin, and I went down to the car but couldn't find the pin."

Another witness for the plaintiff in error testified that while he

knew the plaintiff had a Knight Templar pin, he did not know whether she had it on on the day of the arrest. The foregoing was unaided by any admissions of the defendant that he or the other officer had at any time had possession of the property in question, or that he had carried it away for any purpose whatever. The following is a list of the property it was alleged that the defendant had taken possession of, had taken away, and that which he had failed to return, thereby converting it to the damage of the plaintiff in the sum as alleged. We quote from the petition: 1 Knight Templar (bar) pin, 1 black silk dress and slip, 1 black hat, 1 brown leather handbag, 1 black wool coat, 1 pair kid gloves, 1 pair stockings, 1 corset girdle, 1 pair black pumps, upholstery, rugs and steering wheel, and cash of $11.40.

It is apparent that none of the above items of property are shown by the evidence to have been taken by the defendant or the officer acting in concert and carried away by either of them. Any temporary possession of any of the articles, if indeed such was shown, was not shown to have been to the exclusion of the plaintiff in error. The evidence was fatally lacking in support of the issue as contended by movant, and demanded a verdict in favor of the defendant in error. While "it is error for the court to omit to charge the principles of law applicable to proper contentions of either party to a cause, where such contentions are authorized by the pleadings and are sustained by testimony" (*Georgia Railway & Electric Co.* v. *Baker,* 1 *Ga. App.* 832 (7), 58 S. E. 88), and it is error to give instructions not authorized by the pleadings or evidence when prejudicial (*Commercial Bank of Jasper* v. *Dasher,* 24 *Ga. App.* 736, 102 S. E. 177), it can not be held in the instant case that the errors complained of were so prejudicial to the plaintiff in error that a new trial is required.

Moreover, granting that there was sufficient support in the foregoing evidence to make the issue as to the conversion of taking and failing to return, the testimony of the plaintiff in error on her own behalf was so evasive, conflicting, and contradictory as to bar her recovery. *Western & Atlantic Railroad* v. *Mathis,* 63 *Ga. App.* 172 (4) (10 S. E. 2d, 457). While there were other witnesses offered in behalf of plaintiff in error, their testimony failed to support her contentions, but on the contrary rather negatived her right to recover. *Western & Atlantic Railroad* v. *Mathis,* supra; *City of*

*Thomasville* v. *Crowell*, 22 *Ga. App.* 383, 384 (1-*b*) (96 S. E. 335). The alleged errors were harmless.

*Motion for rehearing denied. Broyles, C. J., and MacIntyre, J., concur.*