## 28702. COFFEE COUNTY *v.* DENTON.

DECIDED FEBRUARY 12, 1941.

*Mingledorff & Roberts,* for plaintiff in error.

*John S. Gibson, W. L. Wood,* contra.

BROYLES, C. J. W. M. Denton sued Coffee County for damages to his automobile. The petition as amended alleged that the damages occurred while the plaintiff was driving his car on a public bridge in said county; that the bridge extended over a "stream known as Dry Creek," and was built and maintained since 1888 by the county; that the bridge had upon it two uneven and unlevel "runners," and a large hole, about 20 inches square, and about 120 feet from the north end of the bridge and on the outside of the left or east runner; that the runners were perpendicular to the flooring of the bridge and ran in a parallel direction to the road over the bridge and were not of the same thickness and level on both sides, being irregular in size and level; that said hole had existed for over one year and was known to the county commissioner, or could have been so known by an inspection of the bridge or by the exercise of ordinary diligence; that on May 5, 1937, at about half past ten p. m., petitioner was in his Ford car, and when he drove onto the bridge he was running about eight or ten miles an hour, and the rear wheels of his car failed to mount the runners; that he then slowed his speed to about five miles an hour and the rear wheels

mounted the runners, but because of the runners being uneven and covered with mud and rain (it being a rainy night), the rear wheels skidded off the runners and the left rear wheel fell into the hole and the car was overturned and thrown from the bridge, its top being crushed in, its frame and fenders bent, and its glasses broken; and that plaintiff did not see the hole or the defective condition in the bridge as it was raining and the wetness of the bridge "made it look dark and black, blending it with the hole and defects in the bridge." The demurrers, general and special, to the amended petition were overruled. The case then proceeded to a verdict in favor of the plaintiff for "75 per cent. of the $235.90 sued for, without interest," the verdict being only for damages to the automobile. A motion for new trial was denied, and error was assigned on that judgment and on the rulings upon the demurrers.

The gist of the general demurrer was that the allegations of the amended petition, construed most strongly against the plaintiff. show that if the plaintiff suffered the damages sued for, such damages "were the result of his own negligence and carelessness and not the result of the negligence and carelessness of the defendant." In *Hutchison* v. *Greene County,* 11 *Ga. App.* 103 (74 S. E. 853), the court said: "The court erred in awarding a nonsuit. The issue as to whether the plaintiff, in attempting to cross the bridge. was guilty of such contributory negligence as would amount to an assumption of the risk and defeat recovery was one exclusively for determination by the jury, under the peculiar circumstances of the case. The existence and degree of negligence, if any, is a question of fact." In *Mitchell County* v. *Dixon,* 20 *Ga. App.* 21 (92 S. E. 405), this court held that even if the plaintiff knew of the alleged defects in the bridge, and that there was a degree of danger in attempting to cross it, he might nevertheless recover from the county for any injuries sustained unless it appeared "that the danger was so obvious that no ordinarily prudent and cautious man would venture on it or over it." It was further held in that case: "With knowledge of a defect in a public road one may continue to use it, but he is obliged to exercise reasonable care for his own safety in so doing; and what is reasonable care must depend upon all the facts and circumstances in the case. . . Actual knowledge of the condition of a public bridge is not conclusive evidence of contributory negligence, so as to bar a recovery by the person injured

in consequence of its being out of repair, unless its condition is such that, under like circumstances, a person of ordinary prudence would not go upon it." See, to the same effect, *Elbert County* v. *Threlkeld*, 145 *Ga.* 133 (88 S. E. 683); *Johnson County* v. *Scarboro*, 59 *Ga. App.* 592 (1 S. E. 2d, 707). In our opinion the amended petition was not subject to the general demurrer. The cases cited in behalf of the plaintiff in error are not controlling in this case.

Paragraph 27 of the petition, in part, reads as follows: "Written notice was given said county within one year after the happening of said wreck, said notice stating the place where the accident occurred, the cause of said accident, and the amount of damages sustained by petitioner." The paragraph was specifically demurred to on the grounds that the written notice referred to therein was not incorporated in the paragraph or elsewhere in the petition, and that the allegations as to the notice were not sufficiently specific to fully apprise the county authorities of the nature, extent, and date of the demands, and how, to whom, and when, and in what form it was presented, and the amount of such demands, so that the county authorities would be able to properly defend the plaintiff's suit. Conceding that the notice referred to in the paragraph should have been set forth in more detail and should have been incorporated in the petition or attached as an exhibit thereto, we think that under all the facts of the case the overruling of the special demurrer was not harmful error. The petition had alleged that James B. Jardine was the commissioner of roads and revenues of the county, that the affairs of the county generally were under his control, and, specifically, that the roads and bridges were maintained and repaired under his direction and supervision. On the trial the following notice signed by the plaintiff was introduced in evidence: "June 5, 1937. Mr. James B. Jardine, Chairman Coffee County Commissioners, Douglas, Ga. Dear Sir: Being your regular monthly meeting will be Monday June 7, I thought it best that I write you regarding damages to my car from being run off the Dry Creek bridge south of Nicholls. Confirming our conversation in your office several days after the wreck, I will be glad for you to pay the repair bill of $235.90 to the car, and I will sign a release of any damage to either myself or my wife for personal damages, unless something of a much more serious nature should develop

from our hurts. If after you have talked with the other members of the board and you would like to have any additional proof of the cause of the car going off the bridge I will have the shop foreman that had the car repaired make an affidavit that the left rear wheel was crushed and that the frame was bent and the left rear housing sprung from some sudden strain on that rear wheel. That, together with my tracks on the bridge, would show that the hole that I ran into caused me to be pulled off the left side of the bridge. You have seen the bridge and know about the conditions as they were at the time of the wreck, and are familiar with things of that nature, and for that reason I have not gone to the trouble and expense of having the witnesses make affidavits. I will greatly appreciate it if you can see your way clear to pay this bill for me."

The undisputed evidence showed that this letter was mailed about June 5, 1937, by the plaintiff, that it was received by Mr. Jardine on or about the same date, and before the suit was filed, and that he as county commissioner, soon after receiving the letter, went to Dry Creek bridge and examined the bridge, investigated the accident, and declined to pay any damages to the plaintiff. Of course the object in requiring that any claim against a county must be presented by written demand to the proper county authorities before suit is filed and that said demand should apprise said authorities of the nature and extent of the claim, how it arose, who makes it, and what damages, if any, are claimed, and the amount thereof, is to have the proper county authorities promptly apprised of the material facts about the claim so that they can properly investigate it and either pay or reject it before suit is filed. In this case the evidence demanded a finding that the claim was timely presented in writing to the proper county authority, named the bridge where the claimant's car was wrecked, stated in detail the causes of the wreck, the damage to the car, the exact amount demanded from the county for said damage; and that the proper county authority, after receiving said demand, promptly went to the bridge in question, investigated the wreck, and refused to pay the claim. Under these circumstances it is obvious that the county was thoroughly apprised of all the material facts of said wreck, and that the error in overruling the special demurrer was harmless. In *Troup County* v. *Boddie,* 14 *Ga. App.* 434 (81 S. E. 376), this court on p. 437 said: "We think that to constitute a 'claim' against a county, the writing

should certainly show who makes the demand, for what reason the demand is made, and the amount thereof; as otherwise there would be nothing before the county officials capable of record, or sufficiently definite to be the basis of any affirmative action by them. We do not mean to imply that such a claim, or any claim against a county, need be presented to the proper officials with exceeding nicety or great particularity, but we do think enough should appear to put the county authorities on notice as to the nature or the character of the demand filed with them, in order that proper investigation of the claim may be based on a definite demand, which might thereafter be of value in determining the extent of liability, should no settlement be effected outside of the courts." The undisputed evidence in the instant case showed that all of the above-quoted requirements were met by the demand given to the county commissioner by the plaintiff, and that he had full opportunity to thoroughly investigate the claim and actually did so before suit was filed. It is well settled that the erroneous overruling of a special demurrer is not harmful error where it affirmatively appears from the evidence in the case that the error did not result in injury to the party interposing the demurrer, and "In determining whether error has resulted in injury, the court may look to the record as a whole." *Hall* v. *State,* 8 *Ga. App.* 747 (3), 750-752 (70 S. E. 211). If there be any conflict between this ruling and that in *Chappell* v. *State,* 58 *Ga. App.* 450 (198 S. E. 791), the older decision is controlling. The cases cited in the brief of counsel for the plaintiff in error are distinguished by their facts from the instant case. The other special demurrers to the amended petition are without substantial merit.

■ The court did not err in admitting in evidence the letter written by the plaintiff to James B. Jardine, county commissioner of Coffee County, for any reason assigned, the letter being material and relevant to the issues in the case.

Complaint is made, in a special ground of the motion, of the admission in evidence of three photographs of the bridge in question. The plaintiff testified that the photographs "are pictures of this bridge made by Mr. Bernard Rogers. They were made in my presence about thirty days ago and nearly three years after I had this wreck. In general the bridge as shown in these pictures was in the same condition at the time I had the wreck as it is shown

to be at the time these pictures were made. I pointed out to the photographer, Mr. Rogers, the place to make the pictures and the pictures are an exact replication of the scene photographed." The defendant objected to the pictures on the grounds: (1) that they were irrelevant and prejudicial; (2) that they were taken about one month before the trial and about three years after the wreck. and presented to the jury the picture of the bridge as it stood thirty days before the trial and not as it was at the time of the wreck; and (3) that the photographs had not been identified by the photographer or otherwise so as to entitle them to be admitted in evidence. In *Georgia Power Co.* v. *Gillespie*, 48 *Ga. App.* 688 (173 S. E. 755), headnote 8 reads as follows: "The court did not err in admitting in evidence a photograph of the scene of the accident, offered by the plaintiff over the objections of counsel for the defendant that (1) the photograph was made on November 11, 1932 (the accident happening on December 15, 1930), and (2) the photograph was misleading in that it did not and could not accurately and distinctly portray the conditions in existence at the time of the alleged accident, as the weather was clear when the photograph was taken and it was alleged to be misty or rainy at the time of the alleged accident." And in that case the court on p. 701 said: "The objection that the photograph was taken sometime [nearly two years] after the date of the accident, and that for that reason it was inadmissible, is untenable. It is to be presumed that the physical surroundings were substantially the same at the time the picture was taken as they were at the time of the accident. . . If there had been any *material* change in the surroundings, the defendant could easily have proved it." And in *City of Thomasville* v. *Crowell*, 22 *Ga. App.* 383 (4) (96 S. E. 335), the court ruled as follows: "The photographs admitted in evidence over objection were not irrelevant or inadmissible for the reason that they did not show the facts existing at the time of the injury. While, under the testimony, both the hole and the ditch may have been somewhat deeper than at the time of the injury, there was no such change in the surroundings at the point where the injury occurred as required the exclusion of this testimony [evidence?]." In the instant case, the plaintiff identified the photographs as the ones taken by photographer Rogers of the bridge in question, and testified that "in general the bridge as shown in these pictures

was in the same condition at the time I had the wreck as it is shown to be at the time these pictures were made." In our opinion the admission of the evidence was not error for any reason assigned. The verdict was authorized by the evidence.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*