33004. COLLIER *v.* COBB COUNTY.

Decided May 19, 1950. Rehearing denied June 7, 1950.

*Schroeder & Anderson, Louis D. Yancey Jr.,* for plaintiff.
*Willingham, Cheney, Hicks & Edwards,* for defendant.

Sutton, C. J. This was an action for damages, brought by Mrs. Emaline N. Collier against Cobb County, in Cobb Superior Court, based on the alleged liability of the county for injuries caused by a defective bridge on a public road. It was alleged, in substance, that the plaintiff was injured and her automobile damaged when a loose plank on a wooden bridge on a public road in the county was lifted up on one end and struck the bottom of the automobile while she was driving across the bridge, causing her to lose control of the automobile so that it ran off the road a short distance beyond the bridge, and negligence on the part of the county was charged in failing to maintain the bridge in a safe condition. After rulings on demurrer to the petition, not here material, the case proceeded to trial

before a jury. The plaintiff adduced evidence in support of the allegations of her petition, and the defendant adduced evidence to the effect that it had not been negligent and that the plaintiff may have been guilty of negligence which caused or contributed to her injury. The jury returned a verdict for the defendant, judgment was rendered accordingly, and the plaintiff moved for a new trial. Her amended motion was overruled, and she excepted.

1. In special ground 1 of the motion error is assigned on the following excerpt from the charge: "I charge you that it is the duty of the proper county authorities to construct and maintain bridges across streams in a workmanlike and proper manner so that any person may use them with safety in ordinary travel. This duty is not one of extraordinary care and diligence. The law does not make the county authorities insurers of any of those who use bridges." In special ground 3 of the motion error is assigned on the last sentence of this same excerpt. It is the contention of the plaintiff that the reference to the county as not having a duty of extraordinary care and diligence and as not being an insurer was prejudicial, misleading, and confusing, and had the effect of minimizing the subsequent charge of the court as to the legal duty of the county in the matter, and may have caused the jury to believe that the question of insurance was involved in the case. Although it was unnecessary for the trial judge to charge negatively in respect to the duty of the defendant, that is, to charge that the duty of the defendant was not one of extraordinary care, or that of an insurer, such statements were correct as a matter of law. Thereafter, the duty of the defendant as being that of ordinary care was made clear by affirmative statements, and ordinary care was correctly defined. Under such circumstances this court cannot say that the former charge minimized the effect of the latter charge, or that it was in any way harmful or prejudicial. No error is shown by special grounds 1 and 3 of the motion.

2. In special ground 4 and as a part of special ground 10 of the motion error is assigned on a portion of the charge, as follows: "The plaintiff would not be entitled to recover unless the county authorities knew of the defects in the bridge, or unless the defective condition, if there was such defective condition in

this particular bridge, had existed for such a length of time that knowledge thereof on the part of the county authorities would be presumed." The plaintiff asserts that the jury was not furnished with any criteria as to the length of time a defective condition should exist before knowledge on the part of the county would be presumed. It is also insisted that the language "if there was such defective condition in the particular bridge" conveyed to the jury the impression that there was some doubt as to whether there were defects in the bridge, although the plaintiff had testified there were defects. If the trial judge had furnished the jury with any criteria as to what length of time defects must have existed before knowledge on the part of the county could be presumed such a statement would have amounted to an invasion of the province of the jury as to a question of fact, and whether or not the bridge was defective was, under the evidence, also a question of fact within the province of the jury, the saving language used in the above excerpt being proper in order to avoid conveying to the jury that the trial judge was of the opinion or that the evidence conclusively showed that the bridge was defective. The only other assertion that appears to be made in respect to this part of the charge is that it magnified the contentions of the defendant and minimized the contentions of the plaintiff. This is without merit. No error is shown by special ground 4 of the motion and so much of ground 10 as assigns error on the identical excerpt from the charge of the court.

3. In respect to negligence the judge charged the jury, among other things, as follows: "I charge you that if the defendant was negligent in some one or more or in all of the respects and particulars named in the plaintiff's petition, and if you believe that as the result of such negligence the plaintiff was injured, and you believe that the plaintiff was not guilty of such negligence as would bar her recovery, then I charge you that the plaintiff would be entitled to recover, unless barred by some other rule of law which the court has or will give you in charge. So, gentlemen, you will first determine and decide whether the defendant was negligent or not. And if you should reach the conclusion that the defendant was not negligent in any one of the particulars charged in the petition of the plaintiff that would be the end

of the case and there would be no liability and you would return a verdict for the defendant. It is contended on the part of the defendant that the plaintiff by the exercise of ordinary care could have discovered the defects in the bridge, if there were such, and by the exercise of a like degree of care could have avoided being injured by reason thereof. And a further legal rule to which I call your attention is that the plaintiff must have been in the exercise of ordinary care to protect herself against any negligence that may have occurred upon the part of the defendant. . . And if the plaintiff could by the exercise of ordinary care have discovered the negligence of the defendant, if there was such negligence, and thereafter by the exercise of a like degree of care could have avoided the consequences of the defendant's negligence, if there was such, she would not be entitled to recover. If the plaintiff and the defendant were equally negligent the plaintiff could not recover." Error is assigned on various portions of the above excerpt in special grounds 2, 5, 8, 9, and 10 of the motion. The plaintiff asserts that certain statements of law contained therein are incorrect, that the contentions of the defendant were misstated and the defendant received the benefit of a defense not insisted upon, that is, the effect of negligence or failure to exercise ordinary care on the part of the plaintiff, and that along with other parts of the charge the law against recovery by the plaintiff was magnified and the law for recovery was minimized. It is also asserted that, in reference to a part of the above excerpt, "the charge quoted was not a correct statement of law applicable to such cases, since movant insists that under the law of Georgia a plaintiff in such an action, even though negligent, may recover for injuries sustained upon a public bridge, even though such plaintiff knows there is some danger in driving over a defective bridge, unless the danger is obviously of such a character that driving over the bridge in and of itself amounts to a want of ordinary care; and movant insists that the jury should have been so instructed." In special grounds 6 and 7 certain evidence in respect to the plaintiff's knowledge of the condition of the bridge and her use of the same, and the use of the bridge by others, is set out, and it is contended that this evidence, showing no obvious danger in actually using the bridge, required a

charge similar to the contention last above quoted, the language used in these grounds being taken from the case of *Elbert County* v. *Threlkeld*, 145 *Ga.* 133 (88 S. E. 683), the language used in ground 6 being the quotation in the body of the opinion from the case of *City of Columbus* v. *Griggs*, 113 *Ga.* 597 (38 S. E. 953, 84 Am. St. R. 257), and the language used in ground 7 being the same principle as is stated in the first headnote in the *Threlkeld* case, as follows: "A traveler on the public highway, exercising due care, although he knows there is some danger in driving over a defective bridge, may recover for injuries thus sustained, unless the danger is obviously of such a character that driving over the bridge, in and of itself, amounts to a want of ordinary care." Immediately following the excerpt from the charge on which error is assigned in grounds 2, 5, 8, 9, and 10, the trial judge completed his charge in regard to negligence by charging the law of this State in regard to comparative negligence, and when his entire charge in regard to negligence is considered, it appears that he fully and fairly covered the law applicable to the pleadings and the evidence, and while no part of the charge contains the exact language used in the *Threlkeld* case, the principle there enunciated was covered by the language used in the charge actually given. The record does not show that there was any request to charge the language of the *Threlkeld* case. No harmful error against the plaintiff is shown by special grounds 2, 5, 6, 7, 8, 9, and so much of ground 10 of the motion as not heretofore ruled upon.

4. There being no argument or insistence upon the general grounds of the motion for a new trial, that is, that the verdict was contrary to law and not authorized by the evidence, etc., the same will be treated as abandoned, and no ruling thereon will be made.

5. The trial judge did not err in overruling the motion for a new trial.

*Judgment affirmed. Felton and Worrill, JJ., concur.*